## RAILWAY COMPANY v. ALLERTON.

Where the charter of a corporation says that the capital stock of the corporation shall be a sum named, as *ex. gr.*, $100.000, "and may be increased from time to time at the pleasure of *the said corporation*," the directors alone, and without the matter being submitted to and approved by the stockholders, have no power to increase it unless expressly authorized thereto; and the fact that the charter declares that "*all the corporate powers*" of the said corporation shall be vested in and exercised by a board of directors and such officers and agents as said board shall appoint" does not alter the case. The powers thus granted to the directors, &c., refer to the ordinary business transactions of the corporation.

APPEAL from the Circuit Court for the Northern District of Illinois; the case being thus:

The Chicago City Railway Company was a corporation owning a street railroad in Chicago. The directors of the company, without consulting the stockholders or calling a meeting of them, resolved to increase the capital stock of the company from $1,250,000 to $1,500,000. To this one Allerton, who was a stockholder, objected, and filed a bill praying for an injunction to prevent the increase. His position was that it could not be lawfully made without the concurrence of the stockholders, and in support of this view he relied upon the constitution of Illinois, adopted in July, 1870, by the thirteenth section of the eleventh article of which it is declared as follows:

"No railroad corporation shall issue any stock or bonds, except for money, labor, or property actually received and applied to the purposes for which such corporation was created, and all stock-dividends, and other fictitious increase of the capital stock, or indebtedness of any such corporation, shall be void. The capital stock of no railroad corporation shall be increased for any purpose, except upon giving sixty days' public notice in such manner as may be provided by law."

He also relied on an act of the legislature of Illinois, passed March 26th, 1872, to execute and carry out the above provision of the constitution, by which, amongst other

things, it was enacted that no corporation should change its name or place of business, increase or decrease its capital stock, or the number of its directors, or consolidate with other corporations, without a vote of two-thirds of the stock at a stockholders' meeting.

The railway company, in its answer, relied upon its charter, granted February 14th, 1859, the third and fourth sections of which were as follows:

"SECTION 3. The capital stock of said corporation shall be one hundred thousand dollars, and may be increased from time to time, at the pleasure of said corporation.

"SECTION 4. All the corporate powers of said corporation shall be vested in and exercised by a board of directors, and such officers and agents as said board shall appoint."

The position of the company was that the third section conferred an unrestricted. right to increase the capital stock at will, and that the fourth vested this power in the board of directors, and that the constitutional provision and act above referred to, if applied to this corporation, would impair the validity of the contract. It was further set up, however, that the said. provision did not apply to railways worked by horse-power. The court below decreed in favor of the complainant and the company took the present appeal.

*Mr. Charles Hitchcock, for the appellant; Mr. E. A. Storrs, contra.*

Mr. Justice BRADLEY delivered the opinion of the court.

Without attempting to decide the constitutional question, or to give a construction to the act of the legislature, we are satisfied that the decree must be affirmed on the broad. ground that a change so organic and fundamental as that of increasing the capital stock of a corporation. beyond the limit fixed by the charter cannot be made by the directors alone, unless expressly authorized thereto. The general power to perform all corporate acts refers to the ordinary

business transactions of the corporation, and does not extend to a reconstruction of the body itself, or to an enlargement of its capital stock. A corporation, like a partnership, is an association of natural persons who contribute a joint capital for a common purpose, and although the shares may be assigned to new individuals in perpetual succession, yet the number of shares and amount of capital cannot be increased, except in the manner expressly authorized by the charter or articles of association.

Authority to increase the capital stock of a corporation may undoubtedly be conferred by a law passed subsequent to the charter; but such a law should regularly be accepted by the stockholders. Such assent might be inferred by subsequent acquiescence; but in some form or other it must be given to render the increase valid and binding on them. Changes in the purpose and object of an association, or in the extent of its constituency or membership, involving the amount of its capital stock, are necessarily fundamental in their character, and cannot, on general principles, be made without the express or implied consent of the members. The reason is obvious.

First, as it respects the purpose and object. This may be said to be the final cause of the association, for the sake of which it was brought into existence. To change this without the consent of the associates, would be to commit them to an enterprise which they never embraced, and would be manifestly unjust.

Secondly, as it respects the constituency, or capital and membership. This is the next most important and fundamental point in the constitution of a body corporate. To change it without the consent of the stockholders, would be to make them members of an association in which they never consented to become such. It would change the relative influence, control, and profit of each member. If the directors alone could do it, they could always perpetuate their own power. Their agency does not extend to such an act unless so expressed in the charter, or subsequent enabling act; and such subsequent act, as before said, would not bind

the stockholders without their acceptance of it, or assent to it in some form. Even when the additional stock is distributed to each stockholder *pro rata*, it would often work injustice, because many of the stockholders might be unable to take their respective shares, and might thus lose their relative interest and influence in the corporate concerns.

These conclusions flow naturally from the character of such associations. Of course, the associates themselves may adopt or assent to a different rule. If the charter provides that the capital stock may be increased, or that a new business may be adopted by the corporation, this is undoubtedly an authority for the corporation (that is, the stockholders) to make such a change by a stockholders' vote, in the regular way. Perhaps a subsequent ratification or assent to a change already made, would be equally effective. It is unnecessary to decide that point at this time. But if it is desired to confer such a power on the directors, so as to make their acts binding and final, it should be expressly conferred.

Where the stock expressly allowed by a charter has not been all subscribed, the power of the directors to receive subscriptions for the balance may stand on a different footing. Such an act might, perhaps, be considered as merely getting in the capital already provided for the operations and necessities of the company, and, therefore, as belonging to the orderly and proper administration of the company's affairs. Even in such case, however, prudent and fair directors would prefer to have the sanction of the stockholders to their acts. But that is not the present case, and need not be further considered.

DECREE AFFIRMED.