THE CENTRAL TRUST COMPANY ET AL. v. SLOAN ET AL.

1. **Mortgage:** MORTGAGEE BOUND BY DECREE AND ORDER ON WHICH MORTGAGOR'S TITLE IS BASED. The Central Iowa Railway Company took the title to its property under a decree and order of the circuit court of the United States, which bound it to pay defendants' claim. (See *Sloan v. Central Iowa R'y Co.*, 62 Iowa, 728.) Afterwards, but before defendant had put his claim into judgment against the railway company, it mortgaged its property to the plaintiff trust company. *Held* that the trust company knew, or was bound to know, that the title of the railway company was based on the decree and order, and that its mortgage was inferior as a lien to defendant's judgment.

2. **Railroads:** CODE, § 1309: CONSTITUTIONALITY: SPECIAL LEGISLATION. Section 1309 of the Code, which provides that a judgment against any railway corporation for any injury to any person or property shall be a lien on the company's property, prior and superior to the lien of any mortgage or trust deed executed since the fourth day of July, 1862, *held* not to be repugnant to § 6, article 1, or § 12, article 8, of the constitution of Iowa, nor to the fourteenth amendment to the constitution of the United States, as being special legislation. Compare *Bucklew v. Central Iowa R'y Co.*, 64 Iowa, 603.

*Appeal from Poweshiek Circuit Coart.*

WEDNESDAY, APRIL 8.

THE petition states that the defendant, Sloan, recovered a judgment in the circuit court in January, 1882, which, he claims is a superior and prior lien on the property of the railroad company to a mortgage executed to the trust com-

pany about two and one-half years prior thereto. It is further stated that the judgment was recovered for damages sustained by Sloan for a personal injury received by him while he was in the employ of a receiver, who was operating the road under the authority of the circuit court of the United States. It is further stated that the Central Railway Company was not organized and did not own the railway at the time Sloan was injured, and that the railway company purchased the road under a decree and sale ordered by the circuit court of the United States, and that the decree made no provision requiring the purchaser of the road to pay debts or liabilities against it; but that, subsequently to the entering of the decree, and at the time of confirming the sale, said circuit court made an order, which is stated at length in the petition, whereby Sloan claims that said court directed the railway company to audit and pay said claim. But plaintiffs claim that said order should not be so construed; and, if it should be, that the plaintiffs are not bound thereby. It is further stated in the petition that Sloan had caused an execution to issue on said judgment, and had levied on certain property of the railway company which was included in a mortgage given to the trust company. An injunction was asked, restraining the sale of such property. There was a demurrer to the petition, which was sustained, and the plaintiffs appeal.

*J. H. Blair* and *A. C. Daly*, for appellants.

*H. W. Gleason*, for appellees.

SEEVERS, J.—I. A construction was placed on the order of the circuit court of the United States above referred to in the case of *Sloan v. Central Iowa R'y Co.*, 62 Iowa, 728. The order is there sufficiently set out. It was there determined that the order included the claim of Sloan, and that, as the railway company accepted the road and property

1. MORTGAGE: mortgagee bound by decree and order on which mortgagor's title is based.

under the order, it was bound by the conditions which constituted a vital part of the order. We are not disposed to depart from such ruling, but adhere thereto. The trust company knew, or was bound to know, that the title of the railway company was based on the decree, and the order made when the sale was confirmed. It accepted the mortgage subject to such debts and liabilities as the federal court had made the prior and paramount lien on the property mortgaged to the trust company.

II. At the time the mortgage to the trust company was executed, there was in force a statute in these words: "A judgment against any railway corporation for any injury to any person or property shall be a lien within the county where recovered on the property of such corporation, and such lien shall be prior and superior to the lien of any mortgage or trust deed executed since the fourth of July, A. D. 1862." Code, § 1309. It is insisted that this statute is in conflict with section 6, article 1, and section 12, article 8, of the constitution of this state, and also in conflict with the fourteenth amendment of the constitution of the United States. It is said the statute under consideration is unconstitutional for the same reasons which were urged in *Bucklew v. Central Railway Co.*, 64 Iowa, 603, against the constitutionality of section 1307 of the Code. So far as the constitutionality is concerned, there is no difference between the two sections.

For the reasons briefly stated in the case just cited, we are of the opinion that the statute under consideration is not in conflict with either the constitution of this state or the fourteenth amendment of the constitution of the United States.

AFFIRMED.