GILCHRIST et al. v. HELENA HOT SPRINGS & SMELTER R. CO. et al.

(Circuit Court, D. Montana. November 6, 1893.)

No. 114.

1. EQUITY JURISDICTION—STATUTORY LIENS—ENFORCEMENT.
Equity has jurisdiction to enforce statutory liens when the statute itself provides no method of enforcement. Machine Co. v. Miner, 28 Kan. 441, distinguished.

2. SAME—FEDERAL COURTS—ENFORCING STATE STATUTORY LIENS.
In cases of proper citizenship, the federal courts have equitable jurisdiction to enforce against railroad companies judgments rendered in the state courts on material or labor claims, when the state statute makes such judgments superior liens on the property of the company in the county of their rendition, without providing any method of enforcing the same or binding other persons who claim interfering liens.

3. SAME—RIGHTS OF THIRD PERSONS.
In such a proceeding the fact that the judgment was based upon a bill of exchange will not prevent the court, at the instance of other lien claimants, from going behind the same, and determining whether the consideration therefor consisted in fact of labor or material furnished. Hassall v. Wilcox, 9 Sup. Ct. Rep. 590, 130 U. S. 493.

4. CONSTITUTIONAL LAW — RESTRICTIONS ON STATES — EQUAL PROTECTION OF THE LAWS—RAILROAD COMPANIES.
A provision in a state statute (Comp. St. Mont. c. 25) that judgments for labor and materials furnished to railroad companies organized thereunder shall constitute a lien superior to that of any mortgage or deed of trust does not deprive such companies or their mortgagees of the equal protection of the laws, within the meaning of the fourteenth

amendment to the constitution of the United States. San Mateo Co. **v.** Southern Pac. R. Co., 13 Fed. Rep. 722, 8 Sawy. 238, distinguished.

**5. SAME—STATE CONSTITUTIONS—LEGISLATIVE POWER.**
Limitations placed upon the legislative power of a state by its constitution cannot invalidate a pre-existing territorial law,· which was adopted and continued in force by the same convention which formed the constitution.

**6. RAILROAD LIEN LAWS—"WORK AND LABOR" CLAIMS—WHAT ARE.**
Persons who occupy the positions of managing agent and superintendent of trains, but who also, on occasion, run trains, clean cars, repair track, and act as "general utility" men, must be considered as performing "work and labor," within the Montana railroad lien law, (Comp. St. Mont. c. 25, § 707;) but it is not so with one who merely has charge of the office and of the receipts, and keeps in a book the time of the workmen as handed in to him. Mining Co. v. Cullins, 104 U. S. 176.

In Equity. Bill by Thomas Gilchrist, Charles Gilchrist, and W. B. Edgar, copartners as Gilchrist Bros. & Edgar, against the Helena, Hot Springs & Smelter Railroad Company, to enforce the lien of certain judgments recovered in the state courts. The cause was commenced in a state court, but the Northwestern Guaranty Loan Company, having intervened and filed a cross bill, removed the case to this court.

For former opinions, see 47 Fed. Rep. 593, and 49 Fed. Rep. 519.

Leslie & Craven, for plaintiff.

Toole & Wallace and A. K. Barbour, for defendant Northwestern Guaranty Loan Co., intervener and cross complainant.

Walsh & Newman, F. P. Sterling, McConnell, Clayberg & Gunn, M. Bullard, and H. C. Smith, for defendant lienholders.

H. G. McIntire, for defendant Farmers' Loan & Trust Co.

KNOWLES, District Judge. Thomas Gilchrist and his partners obtained a judgment against the Helena, Hot Springs & Smelter Railroad Company for the sum of $2,299.81, in the district court of the county of Lewis and Clarke, state of Montana. They allege in their bill that their said judgment was for material bought and furnished to said railroad company by plaintiffs upon and in the use of the property of said company. It is alleged that the Helena, Hot Springs & Smelter Railroad Company is a corporation organized under the laws of the state of Montana; that, by virtue of said law, said judgment is a lien upon the property of said railroad company in Lewis and Clarke county, Mont. They also set forth the railroad property of said company in said county. It appears, further, that the Farmers' Loan & Trust Company, one of the defendants, is a corporation organized under the laws of the state of New York, and holds a trust deed upon the property of said railroad company to secure the payment of certain bonds of the said railroad company. They further charge that certain other defendants named in the bill have judgments which they claim are liens upon the property of said railroad company.

This cause was commenced in the district court of Lewis and Clarke county, Mont. Upon its own motion, the Northwestern Guaranty Loan Company was made a party defendant. It is a

corporation, as it appears, organized under the laws of the state of Minnesota. Said company, upon its petition, had said cause removed to this court. In this court said Northwestern Guaranty Loan Company filed its cross bill, contesting the rights of all the parties to the original bill, save those of the Farmers' Loan & Trust Company. In said cross bill it was claimed that the deed of trust given to said Farmers' Loan & Trust Company was prior to the lien of plaintiffs and of all the other lien claimants in the bill, and that it was a beneficiary under said deed of trust, being the holder of certain bonds secured thereby, and that said Farmers' Loan & Trust Company, had failed to protect their rights. Issues were joined upon the allegations of the cross bill, setting forth the prior lien under the deed of trust. The matter was referred to the master in chancery of the court to determine as to whether the judgment of plaintiffs and the several judgments obtained by certain of the defendants against the Helena, Hot Springs & Smelter Railroad Company were for materials furnished for, or labor and work done upon, the property of said company. The deed of trust antedated the judgments. By the terms of this deed of trust, a conveyance was made of all the property, franchises, and income of the said railroad company, and of all property, rights, and franchises of the company, of whatsoever nature, it should acquire thereafter. This was in accordance with the power conferred upon such corporations by Comp. St. Mont. p. 824, § 706.

The defendants, in the cross bill, claimed a lien by virtue of the provisions of said Comp. St. p. 824, § 707, which is as follows:

"A judgment against any railway corporation for any injury to person or property, or for material furnished, or work or labor done upon any of the property of such corporation, shall be a lien within the county where recovered on the property of such corporation, and such lien shall be prior and superior to the lien of any mortgage or trust deed provided for in this act."

The act referred to is found in chapter 25, p. 807, Comp. St. Mont., and is the act authorizing the formation of such corporations as the Helena Hot Springs & Smelter Railroad Company. The first point I shall consider is the jurisdiction of this court over the subject-matter presented in the original bill, sitting as a court of chancery. It is claimed by the plaintiff in the cross bill that the lien of the judgment creditors in the case at bar is a legal lien given by law, and hence cannot be enforced in a court of chancery, and hence this court can have no jurisdiction of the matters set forth in the original bill. No doubt this point can be presented at any time in this court. It is true that the lien given in this case is a statutory lien. But that is no reason why it may not be enforced in equity. Pomeroy, in his Equity Jurisprudence, (volume 1, § 167,) classes statutory liens as coming exclusively within the jurisdiction of a court of equity, and adds:

"In addition to the liens above mentioned, which belong to the general equitable jurisdiction, the legislation of many states has created or allowed other liens which often come within the equity jurisdiction in respect at least to their means of enforcement. The so-called 'mechanics' liens' may be taken as the type and illustration of this class."

A lien is a security, and, in a case like the one at bar, is given by law to secure the payment of money. It is as much a security as a mortgage, which is given by contract. In the Case of Broderick's Will, 21 Wall. 520, the supreme court said:

"Whilst it is true that alterations in the jurisdiction of the state court cannot affect the equitable jurisdiction of the circuit court of the United States so long as the equitable rights themselves remain, yet an enlargement of equitable rights may be administered by the circuit courts, as well as by the courts of a state. * * * Indeed, much of equitable jurisdiction consists of better and more effective remedies for attaining the rights of parties."

In the case of Ex parte McNiel, 13 Wall. 236-243, the supreme court said:

"A state law cannot give jurisdiction to any federal court; but that is not a question in this case. A state law may give a substantial right of such a character that, when there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, of admiralty, or of common law. The statute in such cases does not confer the jurisdiction. That exists already, and it is evoked to give effect to the right by applying the appropriate remedy. This principle may be laid down as axiomatic in our national jurisprudence."

Generally, it may be said, when a statute gives a new equity, a federal court can be called upon in a proper case to enforce it. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. Rep. 495. Here, in this case, is a lien given,—a right. Is there a plain, speedy, and adequate remedy at law for enforcing it and making it available? The corporation against which a judgment, such as is provided for in section 707, is obtained would be bound by it, but no corporation or person other than the one who was a party to that judgment would be bound thereby. This the plaintiff in the cross bill contends for. In pursuance of this principle, the said judgments were referred to a master in chancery for examination. This was the view of the supreme court in the case of Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. Rep. 590, which was a case involving the rights of a lien claimant under a statute of Texas similar to the one under consideration. None of the other judgment claimants in this case would be bound by the judgment of Gilchrist and others so far as it was sought to be enforced as a lien. As to the question as to whether Gilchrist and others had a right to a lien for supplies furnished the railroad company, the Farmers' Loan & Trust Company, and any one claiming under their deed of trust, in a proper case, had a right to inquire into the facts. As to whether it was a lien prior to other judgments, the persons holding those judgments had a right to inquire as to the facts. As to whether the lien of Gilchrist and others was a lien prior and superior to the deed of trust of the Farmers' Loan & Trust Company depended upon extrinsic facts. As against such company, the judgment does not establish this. What plain, speedy, and adequate remedy at law is afforded said plaintiff in the original bill, at law, to establish this lien? None. But this lien is a right which these parties had a right to have enforced. Here is a ground for the interposition of a court of equity. The law says that the lien shall

be prior and superior to the deed of trust, but there is no way of declaring this, and binding the parties, but in a court of equity, upon an investigation of the facts. One of the reasons for exercising equity jurisdiction in certain cases arises from the necessity of determining the priority of liens. Pom. Eq. Jur. §§ 677, 716. The case of Insurance Co. v. Heiss, 141 Ill. 35, 31 N. E. Rep. 138, shows how, when required by the necessity of a case, a court of equity may be resorted to in order to make judgments at law effectual. In that case certain parties had obtained judgments against a railroad company for damages for injuring their lots jutting upon a street along which a street railroad passed. There damages were given by the constitution of the state of Illinois. The railroad company had executed a mortgage with provisions similar to these in the deed of trust in this case. The question presented was as to whether these judgments could be made a prior charge upon the railroad to that of the mortgage. There was no question as to the jurisdiction of the court in that case. It was held they could.

The case cited by the plaintiff in the cross bill, of Machine Co. v. Miner, 28 Kan. 441, I do not think is in point in this case. There the judgment was an ordinary judgment at law, and was made a lien by law. There was no necessity of establishing any extrinsic facts to show that it was a lien. The judgment was a lien from the date it was docketed. There was no question of prior liens, and the court said that, upon the facts stated in the bill, the plaintiff had a plain, speedy, and adequate remedy at law. If Mr. Jones, in his work on Liens, (section 112,) maintains that in all cases where a statutory lien is created, if the statute does not provide a means for enforcing the same, it cannot be made available, I do not think he is supported by the authorities or by reason. Undoubtedly, where a lien is created by statute, and the statute provides a remedy for enforcing it, and it appears to be an exclusive remedy, no other can be resorted to. But where a lien is created by statute, and no adequate remedy is provided for enforcing it, a resort to a court of equity may be had. As before stated in Ex parte McNiel, supra, when such a right as a lien is established, generally a court of equity may be invoked to give effect to the right by applying the proper remedy. The case cited to support what would appear to be the position of that learned author is Canal Co. v. Gordon, 6 Wall. 561, but surely that case does not support any such position. In that a mechanic's lien is enforced by an action in equity, and there is no claim that the statute provides this remedy. In fact, as before stated, the state legislature could not give a federal court that jurisdiction. Its chancery jurisdiction depended upon its general equity powers. Of course, as said in that case, the court could not give any rights to the lienholders beyond those given by the statute. But rights and remedies are not the same. Upon a full consideration of this point, I am satisfied that the state court had, and that this court has, jurisdiction, as a court of chancery, to enforce this lien. I

should not have considered the matter so fully had counsel for the plaintiff in the cross bill not so persistently urged it upon the court.

The next point for consideration is as to whether that provision of said section 707 which makes the lien given a lien prior to the deed of trust executed by the railroad company to Farmers' Loan & Trust Company is void, as being in contravention of the fourteenth amendment to the constitution of the United States, in so far as it provides that no state shall deny to any person within its jurisdiction the equal protection of the law. It is claimed that this statute applies only to corporations, and not to natural persons, and embarrasses the corporations in raising money to build railroads, while natural persons labor under no such disabilities, and that, within the meaning of this amendment, a "corporation" is a person entitled to the benefits of its provisions. It will be observed that the lien of the judgment named in section 707 is to be prior and superior to the lien of any mortgage or deed of trust provided for in the act in which it is found, which is the act providing for the creating of railroad corporations. Section 691 of that act provides generally that the corporation it authorizes may mortgage its property and income. Section 706 of that act, after providing that any railroad corporation may make securities and bonds, reads:

"And to secure the payment of all or any of such bonds, securities or obligations and the interest thereon, may make, execute and deliver such mortgages or deeds of trust upon all or any part of its property, income and franchises, as the board of directors may determine or direct; and if any such mortgage or deed of trust shall so provide and to that extent it shall so provide, it shall be and remain a valid lien upon property, rights, and franchises of the company of whatever nature or kind afterwards acquired, as well as upon property, rights and franchises owned or possessed by the company at the time of its execution, irrespective of the law relating to chattel mortgages, and any such mortgage or deed of trust shall be taken, held and enforced in the same manner as mortgages of real estate."

Here it will be seen that a railroad company may mortgage its income, its property, both real and personal, which it has at the date of the mortgage or deed of trust, and also all that it may thereafter acquire. Its mortgage upon personal property shall be treated as a mortgage upon real estate. No such powers as these are given to a natural person building a railroad. It will be seen that under such powers a railroad corporation may, as soon as it establishes the right of way for its railroad, execute a mortgage or deed of trust which will effectually cover up its property, of every kind and nature, and practically prevent it being subject to the payment of any debts it may contract without some such provisions as are contained in such section 707. It is well known that about all the property a railroad corporation possesses when it undertakes to build a railroad is its franchise and a right of way. Labor builds the road, equips it, and runs it. If a natural person undertakes to build a railroad, those who contribute work for its construction or furnish materials therefor have a lien upon the same, in fact prior to any mortgage upon the same. It will

be observed by reference to sections 1370 and 1376, div. 5, Comp. St. Mont., that this must be so, for about all that pertains to a railroad is the result of labor. Railroad property is classed as belonging to a peculiar class. Farmers' Loan & Trust Co. v. Kansas City, W. & N. W. R. Co., 53 Fed. Rep. 192. Statutes which create liens for labor and material furnished a railroad company, and which make them prior to a mortgage or deed of trust thereon, are not uncommon. Jones on Liens (volume 2, § 1628) says: "It is within the legitimate scope of legislative power to provide for such liens."

The very question under consideration in this case was decided in the case of Trust Co. v. Sloan, 65 Iowa, 655, 22 N. W. Rep. 916, and it was there held that such liens were not in contravention of the fourteenth amendment to the United States constitution. Liens created in certain cases subsequent to the execution of a mortgage have been sustained. In the case of Provident Inst. v. Jersey City, 113 U. S. 515, 5 Sup. Ct. Rep. 612, the question as to whether certain water rates which were made a lien on the property where used prior to any mortgage thereon, although the lien accrued subsequent to the mortgage, was considered with reference to the fourteenth amendment to the constitution. There the contention was that such a law deprived a mortgage holder of property without due process of law. This the court denied, and said:

"When the complainant took its mortgages, it knew what the law was. It knew that by the law, if the mortgaged lot should be supplied with Passaic water by the city authorities, the rent of that water, as regulated and exacted by them, would be a first lien on the lot. It chose to take its mortgage subject to this law, and it is idle to contend that a postponement of its lien to that of the water rents, whether after accruing or not, is a deprivation of its property without due process of law. Its own voluntary act—its own consent—is an element in the transaction."

Now, while the point was not presented in that case that the mortgagee was deprived of the equal protection of the law, it does seem that the same principle was invoked in that case as should apply to this. Knowing the law, the grantee in the deed of trust took the conveyance, and voluntarily took it. A lien of this class was sustained without question in Brooks v. Railway Co., 101 U. S. 443.

The law allowing such liens being constitutional in all cases where the question is not presented as to whether it deprives any one of the equal protection of the law, the question would arise as to whether any one having the same rights under the law as a railroad corporation was given different privileges, and not made subject to the same conditions as the railroad corporation under the state law. The truth is that, with the view of facilitating the construction of railways, corporations organized for that purpose are given privileges under the statute not given to a natural person. They stand upon a different footing, and ought not to complain because different laws are made applicable to them. The statute affects all railroad corporations organized under the laws of the state. In the case of Railway Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. Rep. 1161, the supreme court, speaking by Justice Field, said:

"And when legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them the equal protection of the laws if all persons brought under its influence are treated alike under the same conditions."

I do not think the case of San Mateo Co. v. Southern Pac. R. Co., 8 Sawy. 238, 13 Fed. Rep. 722, in point. In that case it appears that, by a law of California, the property of the railroad company was so assessed as to make it pay in taxes $2,000, when a natural person, on property of the same assessed value, would be compelled to pay only $400. This was in its nature compulsory,—nothing voluntary about it. That was certainly a different case from the one at bar. Here the contract was entered into voluntarily, with a knowledge of the law which entered into, and formed a part of the contract, as much as though written out therein. None of the other cases cited upon this point seem to me to be more pertinent than this. For these reasons, I think it cannot be maintained that said section 707 is in contravention of any of the provisions of said fourteenth amendment, as claimed by said plaintiffs in the cross bill.

This court is also asked to declare that this section 707 is in violation of that provision of the constitution of the state of Montana which provides that, in all cases where a general law can be made applicable, no special law shall be enacted. Federal courts always approach the construction of a state constitution with some hesitancy. Where a state court of authority has performed that duty, a federal court will follow its ruling. In this case, so far as I am informed, this question has not been considered by our state courts. The question, however, has been presented in other states, where a similar provision prevails. It has been generally decided that, when the question arises, it is within the province of the legislative authority to determine when a general law would be applicable, and when not. State v. Hitchcock, 1 Kan. 178; Johnson v. Railroad Co., 23 Ill. 202; Hess v. Pegg, 7 Nev. 23; Gentile v. State, 29 Ind. 409.

It should be further remarked that the provision of the constitution of the state referred to is a limitation upon the powers of the legislative assembly of the state, which assembly was created by that constitution, and hence must refer to the acts of that assembly. The statute under consideration was a territorial statute, and was adopted by the constitutional convention which formed the state constitution, and provided that it, with all other laws not in conflict with the constitution, should remain laws of the state until repealed by the legislative authority; hence this law cannot come within the provisions of the constitution referred to.

Plaintiff in the cross bill makes several objections to the report of the master in chancery to whom this cause was referred. The first of these is that the master erred in finding that the judgment of Gilchrist and others was for material furnished for and used upon the road of said railroad company, because the cause of action upon which they obtained judgment was based upon a bill of exchange, and not upon an account. I have before said those claiming under

the deed of trust were not bound by that judgment; that it could be shown, where it was a party, whether or not the judgment was for material furnished for, or for work or labor done on, the railroad property of said railroad company. In the case of Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. Rep. 590, it was held that the master could inquire into the consideration of a promissory note which was the basis of a cause of action upon which a judgment was obtained, and determine how much of it was for work and material furnished the railroad company in that case mentioned, with the view of showing how much of the judgment obtained upon the promissory note was a lien under the laws of Texas. In the light of this decision, I can see no objection to the master inquiring into the consideration for that bill of exchange, and determining whether or not the consideration therefor was for materials furnished the railroad company. The objection is overruled.

The second objection I will notice is that referring to the objection to the finding that William C. Humbert and James S. Dunn each performed work and labor upon the property of said railroad company. Humbert testified:

"I suppose I was managing agent of the company. I had various positions there. I had charge of their business in carrying on, conducting, and operating the road. Kept the time books, and looked after the men. Paid them when I had money. Ran as conductor. Worked on the railroad track,—kind of a general utility man. Helped around the roundhouse."

The testimony of Dunn was as follows:

"I was hired to take general charge of the running of the trains. In doing that, I have at times acted as conductor of the cars, fired engines, run them, helped clean, fired, attended to track repairs, etc.; that is to say, whenever my services were wanted, at any time, I was always generally on hand to take my hand in it, either as superintendent or a laboring man. I acted in all capacities."

This testimony brings these men within the rule expressed in the case of Mining Co. v. Cullins, 104 U. S. 176. The lien law of Utah under which the action arose provided that any person or persons who shall perform any work or labor upon any mine, or furnish any materials therefor, etc., shall be entitled to a lien. The court, in interpreting that statute, held that a person hired to oversee the mines, and generally to control and direct the working and development of a mine, and who did, in the performance of his duties, some manual labor, came within the meaning of the statute, and was classed as a man who performed work and labor upon the mine. The lien given in the said section 707 is for a "judgment against any railroad corporation * * * for work or labor done upon any of the property of such corporation." The language of the two statutes is the same, and the interpretation should be the same. This objection is overruled.

The third objection calling for notice is as to the finding that one William Kirkham had performed work and labor upon the property of the railroad company. In his evidence he said:

"I had charge of the office and charge of the receipts, and kept the time book, and looked after things generally in the office. By the time books, I mean the time of the men who worked."

This cannot be classed as work done on the property. It is not claimed that he looked after the men and kept their time, but that he kept in a book an account of their time given in to him. If his work could be classed as work and labor done on the property of the company, then the services of a secretary of the company or of an attorney of the company would come under the same class. While the law under consideration should be liberally construed, still the language "work and labor upon any of the property of the company" should not be extended beyond its general meaning.

I think this objection is good, and should be sustained.