## NO APPEAL IN ACTIONS TO ENFORCE MECHANICS' LIENS.

Court of Appeals for Butler County.

FRANCES M. HOLLOWELL v. JOHN D. SCHRADEN ET AL.

Decided, July 14, 1916.

*Mechanics' Liens—Are Purely Statutory—Both in the Right Itself and in the Method of Enforcing it—Had no Existence in Chancery, and Actions in foreclosure of Such Liens Are Not Appealable.*

An action to foreclose a mechanic's lien is not cognizable in equity and therefore not appealable.

*Michael Minges* and *Andrews & Andrews* for plaintiff.
*Clinton Egbert* and *Edgar A. Belden*, for defendant.

GORMAN, J.

Heard on appeal.

The plaintiff commenced this action in the court of Common Pleas of Butler County to foreclose a mechanic's lien upon property of the defendant, John D. Schraden. In his petition he set out that he had furnished materials for the erection of a dwelling house upon a lot of land described in the petition, belonging to John D. Schraden; that the materials were furnished to John Hoover, who was the principal contractor; that he had not been paid, and that he had taken the necessary steps to secure a lien upon the premises in accordance with the provisions of the statute in such case made and provided. He further averred that the defendant, the Campbell Brothers Manufacturing Company, claimed a mechanic's lien upon the premises, and asked that they be required to set up their lien in the cause. He further averred that his was the first and best lien upon the premises for the payment of the amount due him, $1,190.97. He prayed that the amount due from said John Hoover to him may be ascertained by the court, and that he be declared to have the first lien upon the premises described in the petition for

the payment of said sum; that the priority of such lien may be ascertained together with the priority of the liens of the defendants, John Hoover and the Campbell Brothers Manufacturing Company; and that an order of sale of the premises may be made and that the premises be sold and the proceeds applied to the payment of the liens and other costs; and he prayed for such other relief as was proper.

An answer to this petition was filed. The cause was heard in the court of common pleas and a judgment rendered in favor of the defendant, John D. Schraden, and dismissing the plaintiff's petition.

Before the hearing of the cause in the common pleas court the Campbell Brothers Manufacturing Company dismissed its answer and cross-petition, disclaiming any lien upon the premises, thereby leaving the cause one between the plaintiff and John D. Schraden, as to whether or not plaintiff has a mechanic's lien upon the premises.

Notice of appeal was given in the common pleas court and the cause was brought into this court on appeal. The defendant, John D. Schraden, has moved the court to dismiss the appeal on the ground that the action is not appealable.

The Constitution of the state as amended in September, 1913, provides that the court of appeals shall have jurisdiction on appeal in chancery cases. The Supreme Court in the cases of *Wagner* v. *Armstrong, Walker* v. *Burtscher*, and *James* v. *Wildgamore*, decided February 15, 1916 (93 Ohio State). held in the second paragraph of the syllabus:

"All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law."

The right to a mechanic's lien is one that is given by statute, 103 O. L., 369. This statute not only gives the method of obtaining a mechanic's lien, but also provides the method of enforcing the same. Among other things, it provides that unless suit is begun within sixty days after a notice is received from the owner

of the premises to the owner of the lien, the lien shall be void. This statute also makes the lien valid for a period of six years from the date of the filing of the affidavit, and it provides for the priorities of the several liens that may be taken, whether liens of the head contractor, sub-contractor, material-men or laborers; and by provision of Section 14 of the act the method of bringing an action and the kind of an action to be brought is provided.

The majority of the court are of the opinion that this action is not appealable because it was not cognizable in chancery and is not a chancery case.

Section 27 Cyc., page 17, in defining a mechanic's lien, says:

"A mechanic's lien is a species of lien created by statute in most of the states, which exists in favor of persons who have performed work or furnished materials in and for the erection of a building. It is not a general, but a particular lien, and is in its nature peculiar and of an equitable character, and has been said to be somewhat analogous in its aims to the equitable lien of a vendor for unpaid purchase money of lands sold.

In the same volume Cyc., on pages 317 and 318, under the title of "Nature and Form of Remedy," this language is employed:

"The right to a mechanic's lien being entirely statutory, not only the right itself, but the method of enforcing it must depend upon the statute, and must be pursued in strict compliance with the terms of the statutes. Sometimes the statute does not assume to prescribe any special rules of practice or procedure, but leaves such matters to be regulated by the general rules governing other actions of a similar nature, and in this case the proceeding is an ordinary civil action and not a special proceeding."

Again on page 321 of the same volume we find this language:

"Under some statutes the remedy for the enforcement of a mechanic's lien has been prescribed by an ordinary action at law, or a proceeding in a court of law, not governed by equitable principles. Such a remedy has been held to be exclusive

of the jurisdiction of a court of equity in the absence of special circumstances demanding equitable interference, but a bill will lie when such peculiar circumstances exist as to render the interposition of a court of equity proper.''

*Jones on Liens*, Third Edition, Volume 2, Chapter XXX, Section 1184, lays down this proposition:

''A mechanic's lien upon real property is wholly a creature of statute. At common law a mechanic has no lien upon a building for labor done upon it. Equity raises no lien upon it other than the grantor's lien for purchase money. There is no common law lien of any kind upon real property.''

And in the same volume, Section 1559, the author says:

''Whether the proceedings to enforce a mechanic's lien are legal or equitable depends, of course, upon the terms of the statutes providing the remedy. The statutes of several states assimilate the proceedings to enforce such a lien to the equitable action to foreclose a mortgage, and under such statutes the proceeding is essentially a suit in equity.''

And in Section 1561 of the same volume, the author says:

''A court of equity can not assume jurisdiction to enforce a mechanic's lien without the aid of a statute, in the absence of a special cause for equitable interposition. This lien is a statutory right, and the remedy for its enforcement is provided by statute, and can be pursued only before the tribunals and in the mode the statute provides.''

Again, in Section 1587, the author employs this language:

''In drafting the pleadings, the pleader should have the statute before him, with the view to seeing that all the essential requirements are met in the allegations of the petition or complaint. The statute which gives a mechanic a lien is in derogation of the common law, and a lien can be established only by a clear compliance with the requirements of the statute. The petition must allege everything essential to making out a case under the statute.''

. The Supreme Court in the case of *Dunn & Witt* v. *Kanmacher & Stark*, 26 O. S., 497, in passing upon the question of the appealability of an action arising under the mechanic's lien statute, which was a statute existing prior to the adoption of the act in 103 O. L., at pages 503 and 504, employs this language in speaking of the nature of the claim of the right of action under the mechanic's lien:

"What was the nature of that right of action and upon what was it founded? It was their right to have the money in the hands of the board of trustees applied to the payment of their claim against Kanmacher and Stark; and that right was founded solely on the statute entitled 'An act to create a lien in favor of mechanics, and others, in certain cases,' passed March 11, 1843, and the act amendatory of and supplementary thereto, passed May 1, 1871. Without statutory aid, the claim of plaintiffs against the board of trustees would be wholly destitute of merit either at law or in equity; but under the statute, upon the filing with the board of trustees an attested account of the plaintiff's demand against Kanmacher & Stark, it became the duty of the board of trustees to retain out of subsequent payments due, or to become due, to Kanmacher & Stark, the amount of plaintiffs' account and for their benefit."

And, further along, the court says, page 504:

"Where a statute gives a new right, and also prescribes the remedy for its violation, the remedy so prescribed must be taken as exclusive, unless it appears from the statute that the Legislature intended otherwise."

And the conclusion of the court is:

"Hence, in an action between the plaintiffs and the board of trustees, neither party was entitled to an appeal from the final judgment therein."

There is no doubt that the mechanic's lien had no existence in chancery, and has no existence whatsoever outside of the statute which created the right and also furnished the remedy for the enforcement of the right.

Chief Justice Nichols, in a very elaborate and well considered opinion in the cases above cited, *Wagner* v. *Armstrong,* etc., has

made some very lucid and pertinent statements with reference to the case at hand. In discussing the question of whether or not an action is a chancery case, he employs this language:

"Appealable cases, therefore, must be such cases as are now recognized as equitable in their nature; and perhaps the better way to express it would be: cases that were recognized as equitable actions before the adoption of the code of civil procedure; for while our code established under one grand division all actions whether of an equitable or a legal nature and called them civil actions, yet there was no attempt to change the nature of the remedy."

And again, he says:

"The older authorities really throw more light on the subject than the more modern ones, and quite naturally, for before the consolidation of all remedial actions into the so-called civil actions, the line of demarcation between cases in chancery and those at law was more clearly drawn and was under consideration by the courts much more frequently than at present."

And after quoting many authorities:

"From these authorities the doctrine may be safely laid down that a case concededly chancery in its nature and calling for an equitable remedy will continue so in spite of the fact that the law may have formally adopted the offspring of chancery. In short, once a chancery case, always a chancery case, at least for jurisdictional purposes."

Chief Justice Nichols in giving the court's conclusion as to the nature of chancery cases, says:

"We will not attempt to categorically and finally answer the much mooted question: What is a chancery case? It would be a difficult if not a dangerous thing to do, and of doubtful benefit. It ought, however, to be approached, generally speaking, not from the modern viewpoint, but rather from the old-time conception. Especially would this be so with reference to well-recognized equitable remedies known to the courts prior to the adoption of the code of civil procedure.

"This much, however, may safely be said: A chancery case is one in which, according to the usages and practices in courts

of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with the rules of law. And the proper definition of the term in our new Constitution can not be regarded as affected by the provisions of statutes relating to appeals, nor by the introduction bodily of equitable remedies into our statutes."

We think it sufficient to have quoted this much from the opinion of Chief Justice Nichols, to support the conclusion which the majority of this court has reached.

A mechainc's lien being purely a creature of the statute, and the method of enforcing the lien being provided also by statute, such action to enforce it is not a chancery case. Such a right and such a claim were unknown both in chancery and at common law, and unknown before the adoption of our code. This being true, we think it inevitably follows as a correct conclusion that under the present Constitution as amended September, 1913, the action before us is not a chancery case, and is not appealable.

The motion of the defendant Schraden to dismiss the appeal for want of jurisdiction in this court to entertain the cause must therefore be granted.

JONES (E. H.), P. J., concurs; JONES (Oliver B.), J., dissents.


JONES (Oliver B.), J., dissenting.

In effect, the majority judges of this court hold that no case can be considered a "chancery case" where it is based upon a right secured by statute, unless that right or its equivalent was in existence in the time of courts of chancery.

While they admit the equitable character of this action, because the right to a mechanic's lien and its enforcement is given by statute and can not be traced back to the hoary annals of a court of chancery, they hold that the action below, which was an action to declare a lien, marshal priorities of liens and sell real estate for their payment, is not subject to trial on appeal under the appellate jurisdiction given to court of appeals by Section 6, Article IV, of the Constitution as amended September, 1912.

With this finding I am unable to agree.

There is no question that the right to a mechanic's lien is a creature of statute. It is based upon the equitable doctrine that he who helps create a building upon real estate by furnishing either labor or material should be entitled to a lien upon it for payment, and the statute has therefore so provided. The character of the proceedings for the enforcement of such a lien is dependent upon the terms of the statute providing the remedy. *Jones on Liens,* Section 1559.

In Ohio, the lien is similar to that of a mortgage, which is also a creature of statute, and it is enforced in a similar manner by foreclosure and sale. This proceeding is essentially equitable in its nature, although it, too, is provided by statute, as are all other actions (except prohibition) since the code of civil procedure.

Mechanic's liens are specially favored by the Constitution as amended. Section 33, Article II, provides:

''Laws may be passed to secure to mechanics, artisans, laborers, sub-contractors and material-men, their just dues by direct lien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the Constitution shall impair or limit this power.''

To limit the right of a mechanic or material-man, secured under this provision, to a trial before a single judge without a jury and without an opportunity for a review of the facts by appeal, would certainly not in this important matter be a compliance with the desire of the people in amending the Constitution.

The proceeding for the enforcement of a mechanic's lien is provided by 8323, General Code, as found in 103 O. L., 377 (Section 14).

''Any person holding a mechanic's lien, in addition to the remedies herein provided for, may proceed by petition, *as in other cases of liens,* against the owner and all other persons interested, either as lien-holders or otherwise, in any * * * house * * * and the land on which it stands * * * and obtain such judgment therein for the rent or sale thereof as justice and *equity* require.''

It differs materially from the lien law under consideration in the case of *Dunn & Witt* v. *Kaumacher,* 26 O. S., 497, where, as stated in the syllabus, the remedy was by "an action of money had and received" as prescribed by Section 5 of the mechanics' lien act (S. & C., 834), and the holding that there was no right of appeal in that case has no weight here, because it was for trial by a jury and involved no equitable questions.

The proceeding given by Section 8323 is equitable in its nature, and if we now had separate courts of law and courts of chancery it would be brought before a court of chancery. Or if the action were in the federal court with its separate jurisdictions, it would be docketed and heard as an action in equity and not as a case at law.

In *Gilchrist* v. *Railway Co.,* 58 Fed., 708, at page 710 the court uses the following language in commenting upon the jurisdiction of courts of equity in the enforcement of statutory laws:

"It is claimed by the plaintiff in the cross-bill that the lien of the judgment creditors in the case at bar is a legal lien given by law, and hence can not be enforced in a court of chancery, and hence this court can have no jurisdiction of the matters set forth in the original bill. No doubt this point can be presented at any time in this court. It is true that the lien given in this case is a statutory lien. But that is no reason why it may not be enforced in equity. Pomeroy in his Equity Jurisprudence (Volume 1, Section 167) classes statutory liens as coming exclusively within the jurisdiction of a court of equity, and adds:

" 'In addition to the liens above mentioned which belong to the general equitable jurisdiction, the legislation of many states has created or allowed other liens which often come within the equity jurisdiction in respect at least to their means of enforcement. The so-called "mechanics' liens" may be taken as the type and illustration of this class.' "

The able opinion of Chief Justice Nichols in the case of *Wagner* v. *Armstrong* supports my view. While it concedes the difficulty and undesirability of giving an exact statement or definition of a chancery case, it states that "the terms 'equity' and 'chancery' are interchangeable terms and are constantly used as synonyms in all our states as well as in England."

That the term ''chancery cases'' is not limited to old rights known only to the antiquities of the law, but is applicable to new rights and remedies such as those seeking enforcement in this proceeding, authorized and provided by statutes and constitutional provisions just enacted, it is only necessary to quote the following words of the Chief Justice in *Wagner* v. *Armstrong*:

''It would not do, however, to lay down a hard and fast rule, that only such chancery cases as were known to *that* period of our legal history could have been intended by our Constitution makers as being the cases subject to appeal. The changing condition of the times, development along new lines, the springing up of new problems, progress in many of the avenues of life— these things beget new rights and obligations that call for new and equitable remedies.

''Equity is not only elastic as to its remedies, but it is progressive.

''Its principles are indeed immutable, founded as they are on exact justice and equality before the law, but equitable remedies are constantly subject to enlargement.

''These considerations make it manifest, therefore, that an all-embracing and satisfactory definition of a chancery case would be most difficult to obtain, and if obtainable might well promote injustice rather than justice.''